UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN HERITAGE, INC., doing business as The Gillman Group, a corporation,<br><br>    Plaintiff,<br><br>v.<br><br>NATIVE AMERICAN DEVELOPMENT AND CONSULTING SERVICES, INC., a corporation; OSWALDO GALARZA, an individual,<br><br>    Defendants. | Case No. 2:05-CV-0942-LDG PAL<br><br>**ORDER** |

    Defendants Native American Development and Consulting Services, Inc. and Oswaldo Galarza (hereafter "Defendants") have moved to transfer venue of this case to the District of New Mexico, pursuant to 28 U.S.C. § 1404(a) (#9, opposition #15, reply #16). The Court will deny Defendants' motion to transfer venue.

    Defendants entered into a contract with Plaintiff American Heritage, Inc. that includes a forum selection clause: "In the event of any dispute, venue and jurisdiction for any legal action shall be exclusively in Clark County, Nevada." This clause is in the same type face as the rest of the contract and is located on the signature page. Defendants argue that the forum selection clause

should be set aside and, additionally, that the inconvenience of litigating in Nevada is sufficient to justify a transfer of venue.  Federal law governs issues of venue and forum selection clauses. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).   Under federal law, if a forum selection clause is freely negotiated between sophisticated parties then it is presumptively valid and the party challenging such a clause  "bear[s] a heavy burden of proof."  *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 586 (1991).  Defendants challenge the fact that this clause was freely negotiated, but they do not provide sufficient proof for this allegation.  Defendants state that Plaintiff prepared the contract, but they do not claim that they did not have the opportunity to negotiate the forum selection clause, nor do they claim to have been ignorant of the clause when they signed the contract.

      The Supreme Court has laid out "three grounds for repudiating a forum selection clause: first, if the inclusion of the clause in the agreement was the product of fraud or overreaching; second, if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and third, if enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998). Defendants argue that the forum selection clause should be set aside because it would both deprive them of their day in court and contravenes public policy.

      The forum selection clause should be set aside if Defendants "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  *See Bremen*, 407 U.S. at 18.  Foreclosure of a party's ability to assert or defend a claim in court is not synonymous with inconvenience or preference of that party. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1142 (9th Cir. 2004).

      Defendants claim that they would be deprived of their day in court because of the inconvenience of transporting their witnesses to Nevada.  Defendants also claim deprivation of their day in court because their New Mexico witnesses may not be compelled to testify in a Nevada court. Defendants have not shown, by affidavit or otherwise, that their New Mexico witnesses  would be

critical witnesses, or that they would be unwilling to testify voluntarily in Nevada, which would be an important aspect of consideration. *See United States v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*, 362 F. Supp. 2d 1175, 1185 (C.D.Cal. 2005).  Finally, Defendants have not shown why the witnesses' testimony could not be procured by deposition. *See Lien Ho Hsing Steel Enterprise Co. v. Weihtag*, 738 F.2d.1455, 1461 (9th Cir. 1984).

If enforcement of the forum selection clause "would contravene a strong public policy" in Nevada, then the clause should be set aside. *Richards*, 135 F.3d at 1294.   Defendants contend that enforcement of the forum selection clause would be deciding the case on factors other than the merits, and therefore, that enforcement would contravene Nevada's policy of deciding cases on their merits.  *See Tandy Computer Leasing v. Terina's Pizza*, 784 P.2d 7, 8 (Nev. 1989).  The Nevada Supreme Court in *Tandy* found that enforcement of a forum selection clause in a consumer contract of which neither party was aware, and which set the forum to an unforeseeable location contravened this important public policy.  *Id.* at 7–8.  However, Nevada's policy of deciding cases on the merits does not prevent enforcement of the instant forum selection clause because, unlike *Tandy*, Defendants have not shown that the parties to this contract were unsophisticated, or that public policy considerations are implicated.  Additionally, the Defendants have not shown that the forum specified by the clause was an unforeseeable forum.  Thus, the clause does not contravene public policy in the manner alleged by the Defendants.

Because the Court finds that the forum selection clause is enforceable and will not deprive Defendants of their day in court, it need not consider any further analysis of transfer of venue pursuant to 28 U.S.C. § 1404(a).  Therefore,

THE COURT **ORDERS** that Defendants' Motion to Transfer Venue (#9) is DENIED.

DATED this __16__ day of May, 2006.

_____
Lloyd D. George
United States District Judge

3