UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AMERICAN HERITAGE, INC.,

    Plaintiff,

v.

NATIVE AMERICAN DEVELOPMENT AND
CONSULTING SERVICES, INC., et al.,

    Defendants.

2:05-cv-0942-LDG-PAL

**ORDER**

      Plaintiff American Heritage, Inc., has filed a motion for partial summary judgment (#30, response #36, reply #41) against defendants Native American Development and Consulting Services, Inc. ("NADACS"), and Oswaldo Galarza for breach of the July 30, 2004, contract (first cause of action) and breach of the covenant of good faith and fair dealing (third cause of action). For several reasons, the motion must be denied.

      First, a choice of law issue exists which has not been addressed by the parties. While the contract sued upon contains a choice of law provision indicating that the contract is to be interpreted in accordance with Nevada law, there is no dispute resolution clause, and the application of defenses such as commercial frustration or impossibility of performance raised by defendants arguably falls outside of an interpretation of the contract. American Heritage cites no Nevada authority whatsoever in regard to defendants' impossibility of performance defense. Rather, American Heritage canvasses the law of various other jurisdictions to argue that the commercial frustration doctrine discharges prospective breaches only, and is limited to unforeseeable events.

1    Second, there are clearly issues of fact which would preclude summary judgment if Nevada
2 law governed the disputes.  In Nevada, "[a] contract to do a thing which cannot be performed
3 without a violation of the law is void, whether the parties knew the law or not." Miller v.
4 Thompson, 40 Nev. 35, 160 P. 775 (1916).  However, if "parties knew of [a] government contest
5 and exchanged promises notwithstanding such knowledge . . . impossibility of performance
6 because of government action [does] not occur." Dredge Corp. v. Wells Cargo, Inc., 82 Nev. 69,
7 410 P.2d 751, 755 (1966).  Furthermore, the doctrine of commercial frustration does not apply "if
8 the unforeseen contingency is one which the promisor should have foreseen, and for which he
9 should have provided." Graham v. Kim, 111 Nev. 1039, 899 P.2d 1122, 1041  (1995) (per curiam)
10 (citing Nebaco, Inc. v. Riverview Realty Co., 87 Nev. 55, 57, 482 P.2d 305, 307 (1971)); see also
11 Helms Construction and Development Co. v. Dept. of Highways, 97 Nev. 500, 634 P.2d 1224,
12 1225-26 (1981) (Arab oil embargo foreseeable).
13     In this case, defendants' impossibility of performance defense raises issues of fact regarding
14 knowledge and foreseeability of potential government action regarding Navajo Chapter gaming.
15 Here, the contract in question does not articulate to whom the risk of impossibility of performance
16 will fall.  The court disagrees with American Heritage that defendant Galarza made contractual
17 representations that he had authority to make the commitments set forth in the agreement with the
18 Navajo Nation.  Galarza's specific contract commitments appear to pertain to gaming dealings with
19 Navajo Chapters, which defendants assert was declared impermissible by the Attorney General of
20 the Navajo Nation on March 17, 2005.  Indeed, to the extent that defendants' dealings with the
21 Navajo Chapters is the subject matter of the July 30, 2003, agreement, an issue of fact
22 / / /
23 / / /
24 / / /
25 / / /
26

2

exists as to whether any parallel dealings with the Navajo Nation would constitute a breach.[1] Accordingly,

THE COURT HEREBY ORDERS that plaintiff American Heritage, Inc.'s motion for summary judgment (#30) is DENIED.

DATED this 29 day of March, 2007.

_____
Lloyd D. George
United States District Judge

---

[1] Under the terms of the contract, and based on a promissory note, NADACS promised to repay without interest to American Heritage a $30,000 advance "[i]f the Development Agreement and Equipment Lease Agreement have not been entered into by October 1, 2004." However, the complaint does not seek recovery based on the promissory note.

3